IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER ANN NASELNIK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-3034 |
| IDEAL HYUNDAI BUICK GMC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Pending before the Court are Defendants IDEAL Buick, Inc. and Manufacturers and Traders Trust Company's Motions to Dismiss for Lack of Jurisdiction ("Defendants' Motions") (ECF Nos. 9, 11). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendants' Motions are GRANTED, and this case is DISMISSED.

## BACKGROUND

Plaintiff Jennifer Ann Naselnik is an adult citizen of the State of Maryland. (ECF No. 1 at ¶ 3.) Defendant Ideal Buick, Inc. ("Ideal"), is a business incorporated under the laws of Maryland with its principal place of business located in Frederick, Maryland. (*Id.* at ¶¶ 2, 4.) *See also* ECF No. 9-1 at 4. Ideal conducts business under the name of Ideal Buick GMC Hyundai.[1] (ECF No. 9-1.) Defendant Manufacturers and Traders Trust Company ("M&T") is a bank holding company which conducts business in the State of Maryland. (ECF No. 1 at ¶ 5.) The thrust of plaintiff's Complaint is that defendants committed negligent and/or fraudulent acts during the processing of her joint

---

[1] The docket in this case reflects the names of both defendants as identified by plaintiff in the Complaint. (ECF No. 1.)

1

purchase of an automobile with her acquaintance and former co-habitant Rachal Neuhauser.[2] (ECF No. 1 at ¶¶ 10-15.)

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz v. Friend*, 599 U.S. 77, 95, 130 S.Ct. 1181, 1194 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

## ANALYSIS

Naselnik asserts that this Court may properly exercise jurisdiction over this case pursuant to 15 U.S.C. § 1691e and 28 U.S.C. §§ 1343(a)(3), 1343(a)(4), and 2201. While plaintiff thus identifies three federal civil rights statutory sections and the Declaratory Judgment Act as bases for this Court's jurisdiction, the causes of action she raises in her Complaint ("Breach of Contract", "Fraud Unlicensed Sales Agents", "Fraud", "Strict Liability/Negligence", "Financial Deformation/Emotion[al] Distress", and "Punitive Damages") seek relief different from that available under the statutory sections identified in the jurisdictional statement of the Complaint.

---

[2] Ms. Neuhauser is not a party to this case.

While § 1691e does constitute a federal cause of action, the target of this statute is <u>discrimination</u> in credit transactions. *See* 15 U.S.C. § 1691(a) ("It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--on the basis of race, color, religion, national origin, sex or marital status, or age…"). Plaintiff makes no allegation of discriminatory treatment during the credit transaction she entered into with Ideal. *See* ECF No. 1. Rather, the thrust of her complaint is that Ideal acted <u>fraudulently and/or negligently</u> in executing that transaction. *Id.*

Similarly, while the Declaratory Judgment Act, 28 U.S.C. § 2201, also constitutes a federal cause of action, the only relief which she seeks is monetary (including punitive) damages—remedies unavailable under § 2201 by itself. ("Conclusion," ECF No. 1 at 12.)[3] Crucially, moreover, "[a] declaratory judgment action under 28 U.S.C. §§ 2201-2202, in and of itself, does not confer federal jurisdiction." *Monticello Ins. Co. v. Baecher*, 857 F. Supp. 1145, 1147 (E.D. Va. 1994) (citing *Schilling v. Rogers,* 363 U.S. 666, 667 (1960); *Delavigne v. Delavigne,* 530 F.2d 598, 601 (4th Cir.1976)).[4]

Thus, this Court may only exercise subject matter jurisdiction over the <u>state-law causes of action</u> alleged in plaintiff's Complaint if there exists diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Under this section, this Court may properly exercise jurisdiction over civil actions (1) "where the matter in controversy exceeds the sum or value of $75,000" and (2) "is between citizens of different states." 28 U.S.C. § 1332(a). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* <u>only if there</u>

---

[3] Notably, during an administrative investigation, plaintiff was offered assistance with respect to the titling of the vehicle at issue. Plaintiff declined to pursue such remedies. *See* ECF No. 1-1 at 4.

[4] The Court notes that while plaintiff makes passing references to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, in her Prayer for Relief ("Conclusion"), she fails to state a plausible claim for relief under the *Twombly-Iqbal* pleading standard. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). *See also Spencer Brown, et al., v. Rapid Response Delivery, Inc.. et al.,* RDB-16-1203, 2016 WL 7451392, at *2 (D. Md. Dec. 28, 2016) ("Under the plausibility standard, a complaint must contain 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'") (quoting *Twombly*, 550 U.S. at 555).

3

is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052, 141 L. Ed. 2d 364 (1998) (emphasis added). "The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Schacht*, 524 U.S. at 389. *See also Grafton v. Lourenco*, BPG-15-928, 2015 WL 7273152, at *2 (D. Md. Nov. 18, 2015).

In this case, the Complaint alleges that both plaintiff and defendant Ideal are citizens of the State of Maryland for purposes of diversity of citizenship jurisdiction. Accordingly, diversity of citizenship is not complete, and 28 U.S.C. § 1332 does not provide a basis for this Court's exercise of subject matter jurisdiction over plaintiff's state-law claims. *See Schacht*, 524 U.S. at 389.

As this Court is without subject matter jurisdiction over this case, Defendants' Motions must be GRANTED, and this case must be DISMISSED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1) Defendants IDEAL Buick, Inc. and Manufacturers and Traders Trust Company's Motions to Dismiss for Lack of Jurisdiction (ECF Nos. 9, 11) are GRANTED;
2) This case is DISMISSED;
3) The Clerk of Court shall CLOSE this case.

Dated: December 29, 2016                     _____/s/_____
                                             Richard D. Bennett
                                             United States District Judge